

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Honorable T. M. Trimble
First Assitant State Superintendent
Austin, Texas

Dear Mr. Trimble:

> Opinion No. 0-443
> Re: Tort Liability of Indepen-
> dent School District

This Department is in receipt of your letter of March 22, 1939, in which you request an opinion upon the questions submitted by N. W. Stilwell, Superintendent of Texarkana Public Schools, which is attached to your request.

Mr. Stilwell's letter is as follows:

"Our School Board desires you to secure an opinion from the Attorney General as to its liability in the following cases. The question came up as to whether we should carry insurance or not.

"1. A number of teachers own their cars and come to and from school in their cars. It has been represented to the Board that if any teacher coming to or from school in his own car should get in an accident, the Board might be held both for casualty and property damage. Does the Board have any responsibility in this premise?

"2. Two repair men employed by the Board drive cars. One of them drives a small truck which he owns himself. The other pulls a trailer, the Board owning the trailer but the car belonging to one of the repair men. It has been represented to the Board that it might have certain liabilities in case any of this equipment should figure in an accident. Is there any liability of the Board in this connection?

"3. It has been represented to the Board that students or the public in passing by the

school building, across the school grounds, up
and down stairs at the school, or in walking
in the halls might have an accident and the
Board be held liable. Is there any liability
to the Board in this case?

"4. The Board owns as one of its buildings
an auditorium and public school programs are
given in this auditorium. Great numbers of
people attend. Traffic is heavy sometimes a-
round the buildings. It has been held that the
Board might be liable if any one were attend-
ing a school program and should figure in an
automobile accident, or should figure in any
kind of an accident at the auditorium. Is there
any liability in this premise?

"5. The Board sometimes rents the auditor-
ium for a fee to certain interests desiring to
put on a program. These interests charge en-
trance fees of various amounts. It has been
represented to the Board that if any accident
should occur to any attending these meetings
for which their sponsors had rented the audi-
torium from the Board, the Board might be held
liable. Is there any liability in this instance?"

This Department ruled in a letter opinion, dat-
ed October 28, 1931, Volume 327, page 666, that a school
district is not liable for injuries suffered by a student
while engaged upon his duties in the manual training de-
partment of the school and that the Board was without
authority to compensate his parents. It was also ruled
in a letter opinion, dated November 17, 1937, Volume 379,
page 9, that a school district is not liable for injuries
to a student while being transported to school in a school
bus.

In McVey v. City of Houston (T. C. A. 1925) 273
S. W. 313, the Court in denying liability of both the city
and the school district to a student who was injured when
an archway fell upon him stated:

"Such duty (to maintain schools) is, nevertheless,
public and governmental, and such corporation cannot
be held liable for negligence of its employees in
performing such duty. It is laid down as a general

rule in 19 R. C. L. Section 402, p. 1124, applying the doctrine above mentioned, such corporations are not liable for personal injuries to pupils resulting from the defective condition of the school buildings, or from the negligence of the person in charge thereof. In the section cited it is said that - - -:

"'In such a case, it can make no difference that the duty of maintaining the public school, in connection with which the injury occurred, was voluntarily assumed under permissive statute rather than imposed by a command of the Legislature.'"

The case of Braun v. Trustees of Victoria Independent School District, (T. C. A. 1936) 114 S. W. (2d) 947, writ of error refused, should be particularly considered in this connection. In that case the Board of Trustees of the Independent District was sued for negligent injury to a school child who fell from a buttress of the school building into a freshly pruned tree having stiff and unyielding branches and was thereby injured. The Court held that there was no liability on the part of the Board of Trustees and in the course of the opinion stated:

"The first question here presented is whether or not the board of trustees of an independent school district can be sued at all when the cause sounds in tort. There can be no question but that an independent school district is an agency of the State, and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. (Citing cases). However, if such a district may properly exercise proprietary acts, and while exercising such proprietary acts is guilty of a tort, the district may be required to answer in damages for such tort. (Citing cases establishing the liability of cities for torts committed while engaged in non-governmental activities).

"The conducting of public schools is in our opinion the exercise of a governmental power. Public schools are conducted for the benefit of the entire state by a governmental agency and it matters not whether such schools

are conducted by the trustees of a common school district or trustees of an independent district. It is not a function undertaken for the private advantage and benefit of the locality and its inhabitants. * * *.

"When employees of the Victoria Independent School District planted the ligustrum tree near and under the buttress on the left side of the front steps of the Mitchell school building and when they pruned and trimmed the tree they were engaged in a governmental function and had not turned aside from the main purpose of such school and become engaged in a proprietary function of local interest only. If we have schools, we must have school buildings and school grounds and it is nothing but natural that those conducting schools would like to beautify the school grounds by planting trees and shrubs and we are unwilling to hold that when they do so they have abandoned their main purpose of furthering education in the state.

"* * * If a school district might be sued for every injury suffered by every child resulting from the negligence of its employees, all available funds might be consumed in paying damages and none be left with which to conduct the schools.

"* * *There is quite a distinction between a school district and a city or town. Cities and towns exercise a dual function, to-wit, governmental and proprietary, while a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state. It performs no proprietary functions which are separate and independent of its governmental powers. In this respect it is more readily comparable to a county, which is not held answerable for its negligence in an action founded in tort. * * *"

We also call your attention to 24 R. C. L. page 604, Section 60, which discusses the liability of school districts for actions founded in tort and to the special

act creating the Texarkana Independent School District, Acts 26th. Legislature, 3rd. C. S. Special Laws, ch.31, p. 83, section 28, provides in part as follows:

"Said independent school district shall not be liable for damages of any kind to any person or persons injured or killed on the property or premises controlled by said board, or under the jurisdiction thereof."

It has not come to our attention that this provision in the act creating the Texarkana District has ever been repealed or amended.

It is the opinion of this Department that the Texarkana Independent School District and its Board of Trustees would not be liable in damages in each of the instances presented in the above letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:LM

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

12-9-52